```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

LUIS CABAN,                                    :

                    Petitioner,                :     08 Civ. 3827 (WHP) (AJP)

          -against-                            :     MEMORANDUM & ORDER

DAVID ROCK, Superintendent,                    :
Great Meadow Correctional Facility,
                                               :
                    Respondent.
                                               :
------------------------------------------------------X
```

WILLIAM H. PAULEY III, District Judge:

        Luis Caban ("Caban") brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 1, 2005, Caban pled guilty to second degree murder and was sentenced to fifteen years to life of imprisonment. In a thorough and well-reasoned Report and Recommendation dated September 8, 2008 (the "Report"), Magistrate Judge Andrew J. Peck recommended that this Court deny the petition. Caban filed objections to the Report. For the following reasons, this Court adopts Magistrate Judge Peck's Report and denies the petition.

        The underlying facts and procedural history of the state court criminal and post-conviction proceedings are set forth in detail in the Report and will not be repeated here. Caban raises two arguments to support his claim that the state court erred in refusing his motion to withdraw his guilty plea: (1) his plea was not "knowing and intelligent" because he had inadequate assistance of counsel; and (2) his plea was not voluntary because his mother threatened to commit suicide if he did not plead guilty.

1

DISCUSSION

I. Standard of Review

The Court reviews the findings and recommendations of a magistrate judge and "may accept, reject, or modify [them], in whole or in part." 28 U.S.C. § 636(b)(1). The Court reviews de novo those parts of the Report to which objections are made, and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Where a state court has adjudicated the merits of a claim raised in a federal habeas corpus petition, a writ may issue only if the state court's adjudication resulted in a decision that (1) "was contrary to . . . or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 364 (2000) (explaining the standard of review under the Anti-terrorism and Effective Death Penalty Act); Francis v. Stone, 221 F.3d 100, 107-08 (2d Cir. 2000).

II. Motion to Withdraw Guilty Plea

Due process requires that a guilty plea be voluntary, knowing, and intelligent. See e.g., Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). "The standard for determining the validity of a guilty plea is 'whether the plea represents a voluntary intelligent choice among alternative courses of action open to the defendant.'" Urena v. People of the State of N.Y., 160 F. Supp. 2d 606, 610 (S.D.N.Y. 2001) (quoting Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992)).

"A plea is 'intelligent' and 'voluntary' when a defendant had the advice of counsel, understood the consequences of his plea and the plea was not physically or mentally coerced." Heron v. People of the State of N.Y., 98 Civ. 7941 (WHP), 1999 WL 1125059, at *5 (S.D.N.Y. Dec. 8, 1999). A "plea of guilty entered by one fully aware of the direct consequences of the plea is voluntary in a constitutional sense unless induced by threats, misrepresentations, or perhaps by promises that are by their nature improper." Bousley v. United States, 523 U.S. 614, 619 (1998) (quotation marks omitted).

A. Ineffective Assistance of Counsel

Where "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Thus, distilled to its essence, Caban's claim that his plea was not knowing is an ineffective assistance of counsel claim.

To prevail on an ineffective assistance of counsel claim, a petitioner must show: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for the deficiency in representation, the result of the proceeding would have been different – i.e., that he was prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "[T]he prejudice component of the Strickland test . . . focuses on whether counsel's deficient performance renders the result of the [proceeding] unreliable or the proceeding fundamentally unfair." Lockhart v. Frewell, 506 U.S. 364, 372 (1993). There is a strong presumption that counsel exercises

3

reasonable judgment in all significant decisions. Strickland, 466 U.S. at 690.

The state court in this case concluded that "defense counsel engaged in suitable consultation with [Caban] about all the ramifications of his case, including the viability of possible defenses." People v. Caban, 831 N.Y.S.2d 26, 27 (N.Y. App. Div. 1st Dep't 2007). This finding is entitled to deference and is not contrary to or an unreasonable application of Supreme Court precedent.

Moreover, Caban stated at the plea withdrawal hearing that he "had enough time to speak with [counsel] . . . before [counsel] made this application to plead guilty on his behalf." (Dkt. No. 5: Plea Transcript 2). These statements carry "a strong presumption of verity" and "constitute a formidable barrier" to Caban's claim that he did not possess adequate information to voluntarily and knowingly enter a guilty plea. Marcelin v. Garvin, 97 Civ. 2996 (AJP), 1999 WL 977221, at *7 (S.D.N.Y. Oct. 26, 1999); see also Adames v. United States, 171 F.3d 728, 732-33 (2d Cir. 1999) (statements at plea allocution "carry a strong presumption of verity . . . and are generally treated as conclusive in the face of the defendant's later attempt to contradict them."). Thus, Caban fails to demonstrate that counsel's representation fell below an objective standard of reasonableness. Accordingly, Caban has not shown that his plea was not knowing or intelligent.

B. Coercion Claim

Family pressure alone is insufficient to demonstrate that a plea was not voluntary. See, e.g., Wojotowicz v. United States, 550 F.2d 786, 792 (2d Cir. 1977) (mother's urging defendant to plead guilty due to defendant's sentence exposure did not support defendant's "claim that his will was overborne by family pressure"); Brown v. Lavallee, 424 F.2d 457, 460-

4

61 (2d Cir. 1970) (mother's insistence that defendant plead guilty did not render plea involuntary). Accordingly, Caban's conclusory allegations that his mother's threats of suicide coerced him into pleading guilty are insufficient to find that his guilty plea was coerced.

## CONCLUSION

For the foregoing reasons, this Court adopts Magistrate Judge Peck's thorough and well-reasoned Report and denies Caban's petition. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated:   March 11, 2009
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies Mailed to*:

Mr. Luis Caban
#05-A-0833
Great Meadow Correctional Facility
P.O. Box 51
Comstock, NY 12821
*Petitioner <u>Pro</u> <u>Se</u>*

Robert M. Morgenthau, Esq.
Nikki D. Faldman, Esq.
New York County District Attorney's Office
One Hogan Place
New York, NY 10013
*Counsel for Respondent*

Hon. Andrew J. Peck